UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHN RICHARD ADAMS,            )
                               )
           Petitioner,         )
v.                             )         No. 2:05-cv-280-RLY-WGH
                               )
AL C. PARKE,                   )
                               )
           Respondent.         )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Id. When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, habeas petitioner John Richard Adams was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445 (1985).

In a disciplinary proceeding identified as No. ISF 05-05-0111, Adams was found guilty of "intimidation or threatening another with bodily harm." This finding was based on a conduct report issued on May 8, 2005, wherein it is recited that the reporting officer told Adams what he was charged with (in a different matter), to which Adams replied that if he was found guilty of that other charge he would "kick the ass" of the officer who had authored the charge in the other case. The reporting officer in No. ISF 05-05-0111 told Adams to settle down, because he was threatening staff and would get into more trouble. Adams replied that he did not care.

Under *Wolff* and *Hill,* Adams received all the process to which he was entitled. Adams' challenges are unavailing.

- His first claim is that there was error in the timing of the issuance of the conduct report. This is a claim, at most, that a prison regulation was not followed. Such a claim would not support federal habeas relief. A federal court "does not sit to correct any errors of state law." *Hester v. McBride,* 966 F.Supp. 764, 774 (N.D.Ind. 1997) (citing *Estelle v. McGuire*, 502 U.S. 62 (1991). Apart from this, it is entirely evident that the "April 9, 2005" date on the conduct report is a clerical error and that it was known from the outset that the incident occurred on May 9, 2005.

- Adams' second "claim" is an invitation to the court to construct arguments from papers appended to his habeas petition. This is an improper, and hence ineffective, attempt to incorporate documents or arguments made in other documents. *See Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002) (because notice pleading does not suffice in an action for habeas corpus relief, a viable claim for relief must be stated in the petition).

- Adams' additional claim is that two charges were filed against him arising out of a single incident. The respondent seems to recognize this claim, but does not actually address it on either procedural or substantive grounds. Assuming that Adams was charged with two offenses arising from the same incident, this does not constitute a Double Jeopardy violation, because the charges against him consisted of two code violations, namely B235 (physically resisting) and B213 (threatening). The physical resisting charge was reviewed in a different habeas action, docketed as No. 2:05-cv-207-LJM-WTL. The Double Jeopardy Clause of the Fifth Amendment protects individuals from being tried more than once for a crime. However, Double Jeopardy principles do not apply to prison disciplinary cases. *Meeks v. McBride,* 81 F.3d 717, 787 (7th Cir. 1996) (the Double Jeopardy Clause of the Fifth Amendment does not preclude a disciplinary hearing on a misconduct charge of which a prisoner was acquitted in an earlier hearing); *Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir. 1994) (citing cases). Assuming *arguendo* that the Double Jeopardy Clause can be implicated in prison disciplinary cases, no violation of its provisions occurred in this case. Adams was charged in two separate cases with offenses having distinct elements. Adams was charged in No. ISF 05-05-0121 with "physically resisting" staff, which involves the use of one's body to oppose the action of prison personnel, as opposed to the "threatening" charge, which implies a verbal assault. Therefore, Adams has failed to show a violation of his rights under the Double Jeopardy Clause of the Fifth Amendment.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Adams to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 07/07/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana